UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN CASTILLO, NANET CASTILLO,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., FIRST AMERICAN TITLE INSURANCE COMPANY, JP MORGAN CHASE BANK, N.A., U.S. BANK, N.A., Successor to Bank of America, N.A., Successor in Interest to LASALLE BANK N.A., as Trustee on behalf of WAMU Mortgage Pass-Through Certificates, Series 2006-AR, and Certain Mortgagors, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv1591-AJB-BLM<br><br>**ORDER REQUESTING PLAINTIFFS TO FILE OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS** |

Presently before the Court are two motions to dismiss filed by Defendants Select Portfolio Servicing, Inc., First American Title Insurance Company, JP Morgan Chase Bank, U.S. Bank, successor to Bank of America, successor in interest to LaSalle Bank, as Trustee on behalf of WAMU mortgage pass-through certificates, Series 2006-AR and certain mortgagors' (collectively referred to as "Defendants") motions to dismiss Plaintiffs

1

Glenn Castillo and Nanet Castillo's ("Plaintiffs") complaint. (Doc. Nos. 3, 4.) Plaintiffs did not file oppositions to Defendants' motions. For the reasons stated more fully below, the Court **REQUESTS** that Plaintiffs file Oppositions to Defendants' motions to dismiss.

## FACTS ALLEGED IN THE COMPLAINT

On July 13, 2018, Defendants removed Plaintiffs' complaint from the Superior Court of the State of California to this Court based on diversity of citizenship. (Doc. No. 1 at 1–2.) Plaintiffs are individuals residing in the County of San Diego. (Doc. No. 1-2 ¶ 8.)[1] Defendants are all corporations with citizenships of Utah, Ohio, and Texas. (Doc. No. 1 at 3–4.)

On or around November 4, 2005, Plaintiffs entered into a consumer credit transaction with WAMU. (Doc. No. 1-2 ¶ 15.) On or about September 15, 2015, without Plaintiffs' knowledge, JP Morgan Chase transferred and conveyed all beneficial interest under Plaintiffs' Note and Deed of Trust to California Reconveyance Company. (*Id.* ¶ 17.) On or about March 22, 2017, without Plaintiffs' knowledge, U.S. Bank substituted T.D. Service Company as Trustee under the deed of trust executed by Plaintiffs. (*Id.* ¶ 19.) On or about June 22, 2017, Select Portfolio Servicing, Inc. recorded the Notice of Default and Election to Sell under the Deed of Trust. (*Id.* ¶ 20.) On or about October 24, 2017, Select Portfolio Servicing, Inc. and First American Title Insurance Company recorded the Notice of Trustee's Sale. (*Id.* ¶ 21.)

Based on the above, Plaintiffs claim that Defendants' actions were unlawful and deprived Plaintiffs of all beneficial interests and enjoyment of their real property. (*See generally* Doc. No. 1-2.) In total, Plaintiffs bring eleven causes of action: (1) Violations of California Homeowner Bill of Rights; (2) Injunctive Relief; (3) Predatory Lending Practices; (4) Violation of California B&P Code § 17200 et seq.; (5) Constructive Fraud; (6) Fraud in Concealment; (7) Fraud in the Inducement; (8) Slander of Title; (9) Quiet Title; (10) Declaratory Relief; and (11) Negligence. (*Id.* ¶¶ 29–134.)

---

[1] The Court notes that Plaintiffs' complaint begins on page two of Doc. No. 1-2.

Plaintiff's complaint was removed to this Court on July 13, 2018. (Doc. No. 1.) On July 20, 2018, Defendants filed motions to dismiss. (Doc. No. 3, 4.) The Court set a briefing schedule. (Doc. No. 8.) As of the date of this Order, Plaintiffs have failed to file Oppositions to Defendants' motions to dismiss.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

As a threshold matter, before the Court may address the merits of Defendants' motions to dismiss, the Court must first turn to Plaintiffs' failure to file timely oppositions to Defendants' motions. Pursuant to the Civil Local Rules, "[u]nless otherwise provided by rule or court order, a party opposing a motion, or other request for ruling by the court

must file a written opposition . . . ." S.D. CivLR 7.1.f.3.a. Moreover, the local rules also state that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." S.D. CivLR 7.1.f.3.c. Plaintiffs' Oppositions to the motions were due on August 7, 2018. (Doc. No. 8.) As of the date of this Order, Plaintiffs have not filed Oppositions, or statements of non-opposition to Defendants' motions to dismiss.

The Court notes that it appreciates that Plaintiffs are litigating this action *pro se*. However, despite construing pleadings liberally in their favor, *pro se* litigants are still bound by the rules of procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 814 F.2d 565 (9th Cir. 1987). Here, Plaintiffs did not follow the briefing schedule set by this Court.

Consequently, as Plaintiffs have failed to file Oppositions, pursuant to the local rules and precedent from this circuit, the Court may dismiss this action. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (holding that failure to follow a district court's local rules is a proper ground for dismissal); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (affirming dismissal where plaintiff failed to file an opposition to a motion to dismiss and Rule 41(b) factors weighed in favor of dismissal); *McGruder v. Evans*, No. CIV S-07-1033 MCE EFB P, 2007 WL 2947565, at *1 (E.D. Cal. Oct. 9, 2007) (holding that plaintiff's failure to file an opposition to a motion to dismiss may allow the court to recommend that the action be dismissed with or without prejudice).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# CONCLUSION

Before recommending that the present matter be dismissed, the Court orders that within **fourteen (14) days** of the date of this Order, Plaintiff must file either Oppositions to Defendants' motions to dismiss or statements of non-opposition. If Plaintiff files Oppositions, Defendants will have **seven (7) days** from the date of Plaintiffs' Oppositions to file a Reply briefs. Failure to comply with this Order will result in a dismissal of this action with prejudice.

**IT IS SO ORDERED**.

Dated: January 10, 2019

Hon. Anthony J. Battaglia
United States District Judge